The Chancellor.
The determination of this case depends upon the construction of the will of Enos Ward, deceased. The will is brief, and as every clause of it has a bearing upon the question involved, I give it at length.
“ First, it is my will and I do order that all my just debts and funeral expenses be duly paid and satisfied as soon as conveniently can be after my decease. 2d, I give and bequeath unto my beloved wife Susan Ward all my *305 property both real and personal to be disposed of in such manner as she may think proper for the benefit of the family—it is my wish that my youngest daughters Mary and Caroline shall have an education equal to my daughter Phebe, and my two sons Sydenham and John to be educated, and fully prepared to enter college or the study of a profession, but provided either of them should not choose to have such an education the one who does not, to be made equal in property to the expense of educating the other, in which case the mother is to be judge, or in case of her decease my executors whom I shall appoint. After the children arrive at age I leave it discretionary with Susan my loving wife what donation to make them out of the property, and in case of her decease or marriage to be left with the executors whom I shall hereafter name, but in every respect I wish them made as near equal as can be. Lastly, I hereby appoint my loving wife Susan Ward, my brother Joseph P. Ward, and my brother in law John Sydenham executors, &e., and guardians to my children during their minority.”
The testator left considerable real and personal estate, which went into the possession of Susan Ward. She alone proved the will, the other persons named as executors having renounced. The testator died on the twenty-fourth day of January, eighteen hundred and twenty-eight. On the fourth of August, eighteen hundred and fifty-two, Susan Ward died. She left a will, by which she disposes of the estate which came to her by the will of her husband as follows: “ The estate of my husband Enos Ward which he left me in charge, and all my property, both personal and real, except that herein previously disposed of to be divided among my five remaining children, viz. Phebe Peloubet wife of A. O. Peloubet, Sydenham T. Ward, Mary E. Grummon wife of Robert M. Grummon, John Ward and Rhoda Ward excluding my daughter Hannah Peloubet now deceased, and the heirs of her body.”
*306 Thus it will be seen that, by the will of Susan Ward, one of the children was excluded from any portion of the estate of Enos Ward, deceased, remaining in the hands of Susan Ward. The question is, what estate did Susan Ward take under the will of her husband, and what interest, if any, had the children in that estate ?
On behalf of the complainant, it is contended, that Susan Ward took an absolute estate, and had a right to dispose of the property without any regard to the wishes of her husband, as expressed in his will.
In the case of Raikes v. Ward (1 Hare 445), the language of the will was: “ I give to my dear wife Marianne all my moneys, security for money, goods, chattels, and personal estate whatsoever, to the intent that she may dispose of the same for the benefit of herself and our children, in such manner as she may deem most advantageous.” The Vice Chancellor decided, that the wife did not take an absolute estate. He reviews a large number of authorities bearing upon the question. The eases may also be found cited in 1 Jarman 332. I have no difficulty in determining the estate which Susan Ward took under the will of her husband, and the authorities are such as to cause no embarrassment in giving a construction to the will.
The testator gives his estate, real and personal, to his wife. But he does not stop here. He expresses the purpose for which he gives it to her, “ to dispose of in such manner as she may think proper for the benefit of the family.” The language, “in such manner,” if not explained, might give her an unlimited control over the property. But the testator immediately proceeds to qualify this language, and to limit its natural import. In doing so, he makes use of the expression “it is my wish." Taken in connection with what follows, this language is to be construed the same as if he had said, it is my will. He directs how the property shall be expended in the education of his children, and his intention is manifest *307 that they should be equally benefited in his property. For, after directing how two of his sons should be educated, he declares, “that in case either of them should not choose to have such education, the one who does not, to be made equal in property to the expense of educating the other, the mother to be the judge, or in case of her decease, my executors.” When the testator, therefore, uses the language “to dispose of in such manner,” he means to leave the disposal of the property discretionary with the wife, except in particulars in which he has made a disposition of it.
Again. The testator disposes of the property at the death or marriage of his wife: “ After tlie children arrive at age I leave it discretionary with Susan my wife what donations to make them out of my property.” This, standing alone, would look like a discretion to the wife to make such donations to the children as she pleased, and dispose of the residue at her pleasure. But then follows immediately a clause giving, in case of the death or marriage of the wife, this same discretion to the executors. Then the testator concludes his wish, or will, respecting the property in the emphatic language, “but in every respect I wish them (my children) made as near equal as can be.”
It appears to me plain that it was the intention of the testator to give the property to his wife, in trust for herself and children, while she lived and remained his widow ; that the property was to be used for their mutual benefit, “in such manner as she might think proper,” except in the particulars specified by the testator, and so that in every respect the children should have an equal share of his property.
I am of opinion, therefore, that Susan Ward had no right to dispose of the property in question by will; that it belongs to the children, by the will of their father, and is to be divided among them equally.